The definition of "total incapacity" given by the court was approved in the case of Texas Employers' Ins. Ass'n v. Brock, Tex.Com.App., 36 S.W.2d 704. It has been held that "producing cause" is not such a legal term as would require a legal definition. Texas & P. R. Co. v. Short, Tex.Civ. App., 62 S.W.2d 995, writ refused. However, the definition given by the trial court was correct. Texas Indemnity Ins. Co. v. Staggs, 134 Tex. 318, 134 S.W.2d 1026, and cases cited.

Thus it is seen that the insurance carrier was not objecting to the definitions given by the trial court, but was requesting the trial court to give additional instructions which the insurance carrier thought would be beneficial to it.

Under the rule quoted and the conditions stated, the insurance carrier cannot be heard to complain on appeal without having tendered a substantially correct definition or instruction.

The judgment of the Court of Civil Appeals which affirmed the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court.

## STEPHENS v. STATE.
### No. 22693.

Court of Criminal Appeals of Texas.
Dec. 22, 1943.

G. Q. Youngblood, of Dallas, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

GRAVES, Judge.

Upon his plea of guilty of theft of property of the value of more than fifty dollars, appellant was awarded a term of four years' confinement in the penitentiary.

The indictment appears regular. The record is before this court without statement of facts or bills of exceptions. In the absence of the evidence adduced upon the trial, this court is unable to appraise the matters presented in the motion for a new trial.

No error appearing, the judgment is affirmed.

## STEPHENS v. STATE.
### No. 22694.

Court of Criminal Appeals of Texas.
Dec. 22, 1943.

G. Q. Youngblood, of Dallas, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

**BEAUCHAMP, Judge.**

Appellant was given a sentence of four years in the penitentiary upon his plea of guilty to the theft of property over the value of $50.

The record is before us without bills of exception and statement of fact. The procedure is regular. There is nothing for our consideration.

The judgment of the trial court is affirmed.